UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(1) ANTHONY ARILLOTTA,<br>(2) DAVID CECCHETELLI, and<br>(3) LOUIS NAIOLEARI,<br><br>    Defendants. | Crim. No. 05-300_**01**_-MAP<br><br>VIOLATIONS:<br><br>18 U.S.C. § 371<br>(conspiracy)(Count One)<br><br>18 U.S.C. § 1955<br>(operating an illegal gambling business) (Count Two)<br><br>18 U.S.C. § 2<br>(aiding and abetting)(Count Two)<br><br>18 U.S.C. § 1955(d)<br>(forfeiture) |

**INDICTMENT**

The Grand Jury charges:

COUNT ONE:    [Title 18, United States Code, Section 371: Conspiracy]

1.   From a time unknown to the grand jury, but no later than October 2001, up to and including April 2003, the exact dates being unknown to the grand jury, in the District of Massachusetts and elsewhere,

ANTHONY ARILLOTTA,
DAVID CECCHETELLI, and
LOUIS NAIOLEARI,

defendants herein, together with others known and unknown to the grand jury, did unlawfully and knowingly combine, conspire, confederate and agree among themselves and each other to commit certain offenses against the United States, to wit, conducting an illegal gaming business, in violation of Title 18, United States

Code, Section 1955.

Overt Acts

2.   In furtherance of the conspiracy and to achieve the objects thereof, the defendants and their co-conspirators, known and unknown to the grand jury, committed and caused to be committed the following overt acts in the District of Massachusetts and elsewhere:

a.  On October 27, 2001, ANTHONY ARILLOTTA provided telephone number 413-547-2586 to ████████████ for the purpose of placing bets on sports events.

b.  On November 2, 2001, ANTHONY ARILLOTTA and DAVID CECCHETELLI collected $220.00 in gambling losses from ██████ ██████

c.  On November 9, 2001, ANTHONY ARILLOTTA collected $110.00 in gambling losses from ████████████.

d.  On January 21, 2002, ANTHONY ARILLOTTA provided telephone number 413-734-3624 to ████████████ for the purpose of placing bets on sports events.

e.  On February 2, 2002, DAVID CECCHETELLI collected $330.00 in gambling losses from ████████████.

f.  On February 3, 2002, LOUIS NAIOLEARI was present at 753 White Street, Springfield, Massachusetts and received telephone calls over telephone number 413-734-3624.

2

g.  On February 9, 2002, DAVID CECCHETELLI collected $1,100.00 in gambling losses from ███████████.

h.  On May 10, 2002, DAVID CECCHETELLI provided telephone number 413-789-1042 to ███████████ for the purpose of placing bets on sports events.

i.  On June 9, 2002, DAVID CECCHETELLI provided telephone number 413-789-3885 to ███████████ for the purpose of placing bets on sports events.

j.  On October 20, 2002, LOUIS NAIOLEARI received a telephone call from ███████████ over telephone number 413-737-2889, and thereafter LOUIS NAIOLEARI accepted a $50.00 bet on the Miami Dolphins.

k.  On February 27, 2003, ANTHONY ARILLOTTA spoke with ███████████ and advised ███████████ that he had a substantial outstanding gambling debt.

All in violation of Title 18, United States Code, Section 371.



COUNT TWO:          [Title 18, United States Code, Sections 1955 and 2:
                    Conducting An Illegal Gambling Business; Aiding and
                    Abetting]

1.    From on or about October 2001, and continuously thereafter
up to and including April 2003, in the District of Massachusetts,

ANTHONY ARILLOTTA,
DAVID CECCHETELLI, and
LOUIS NAIOLEARI

defendants herein, together with others known and unknown to the
grand jury, unlawfully and knowingly did conduct, finance, manage,
supervise, direct and own all or part of an illegal gambling
business, said illegal gambling business involving sports betting,
in violation of the laws of the Commonwealth of Massachusetts
(Massachusetts General Laws ch. 271, § 17), in which said business
was conducted;  which illegal gambling business involved five or
more persons who conducted, financed, managed, supervised, directed
and owned all or a part thereof, and which gambling business
remained in substantially continuous operation for a period in
excess of thirty days, and had a gross revenue of $2000.00 in any
single day.

All in violation of Title 18, United States Code, Sections 1955
and 2.

4

## GAMBLING PROPERTY FORFEITURE ALLEGATIONS

(18 U.S.C. § 1955(d) and 28 U.S.C. § 2461(c))

1.   The allegations of Counts One and Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 1955(d), and Title 28, United States Code, Section 2461(c).

2.   As the result of the offense alleged in Count Two, the defendants,

ANTHONY ARILLOTTA,
DAVID CECCHETELLI, and
LOUIS NAIOLEARI,

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 1955(d), and Title 28, United States Code, Section 2461(c), all property, including money, used in the illegal gambling business charged in Count Two.

All pursuant to Title 18, United States Code, Section 1955(d), and Title 28, United States Code, Section 2461(c).

5

A TRUE BILL


_____
FOREPERSON OF THE GRAND JURY


_____
ARIANE D. VUONO
ASSISTANT U.S. ATTORNEY


DISTRICT OF MASSACHUSETTS:

    Returned into the District Court by the Grand Jurors and filed
on January  4 , 2005.


_____
DEPUTY CLERK OF COURT